**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

---

| | |
|---|---|
| **DARRELL JAMES ROBINSON** | **CASE NO. 25-cv-1872 SEC P** |
| **-vs-** | **JUDGE DRELL** |
| **DARREL VANNOY** | **MAGISTRATE JUDGE PEREZ-MONTES** |

---

**ORDER**

Before the court is Petitioner Darrell James Robinson's ("Robinson") motion entitled "Motion to Stay and Abey Federal Proceedings Pending Exhaustion of State Court Remedies." (Doc. 29). The matter has been fully briefed and is ripe for consideration. For the following reasons, the motion is **GRANTED**.

## I. BACKGROUND

On March 12, 2001, a jury in the 9th Judicial District Court, Parish of Rapides, State of Louisiana found Robinson guilty of murdering four people in 1996. The court imposed four death sentences in accordance with the jury's recommendation. Robinson directly appealed to the Louisiana Supreme Court arguing: (1) the evidence was insufficient to support his conviction, (2) testimony of a jailhouse witness, Leroy Goodspeed, should have been suppressed, (3) the trial court failed to empanel an unbiased jury of his peers, (4) the trial court allowed prejudicial evidence to be admitted, and (5) the death sentence was a disproportionate punishment. On April 14, 2004, the Louisiana Supreme Court affirmed Robinson's conviction and sentence. Robinson sought a writ of certiorari from the United States Supreme Court, but certiorari was denied.

Robinson filed an application for post-conviction relief in the 9th Judicial District Court in 2005 arguing a post-trial investigation revealed exculpatory evidence had not been disclosed at

trial. He asserted that exculpatory evidence, including the existence of a plea deal with Goodspeed, crime scene and ballistics evidence, and DNA evidence implicating Mark Moras as the actual killer, were never turned over. After a lengthy evidentiary hearing the trial court found no merit to any of Robinson's claims. Robinson then sought review of that ruling in the Louisiana Supreme Court. The Louisiana Supreme Court granted relief. That court reversed the conviction, vacated Robinson's sentence, and remanded the matter for a new trial. State ex rel. Robinson v. Vannoy, 378 So.3d 11 (La. 2024), reh'g granted, 382 So. 3d 27 (La. 2024) ("Robinson II"). Therein the court determined Robinson's due process rights were violated by the State's suppression of "material impeachment and exculpatory evidence" and presentation of "false and misleading testimony and argument to the jury," and the cumulative effects of these errors warranted a new trial. Id. at 17. The State applied for rehearing. The Louisiana Supreme Court granted such and reversed, finding it erred in vacating Robinson's conviction and sentence. See State ex rel. Robinson v. Vannoy, 397 So.3d 333, (La. 2024) ("Robinson III"). Robinson then petitioned for a rehearing. Rehearing was granted, State ex rel. Robinson v. Vannoy, 403 So.3d 530 (La. 2025), and the Louisiana Supreme Court again affirmed the conviction. State ex rel. Robinson v. Vannoy, 413 So.3d 403 (La. 2025) ("Robinson IV"). Robinson then filed his habeas petition in this court.

At issue here is whether this habeas proceeding should be stayed while he exhausts unexhausted claims, namely that the State failed to uphold the Constitution when it withheld material exculpatory and impeachment evidence and failed to correct testimony it knew or should have known was false or misleading. The State opposes the motion arguing Robinson's claims were all exhausted, having been raised at all state court levels and affirmed by the Louisiana Supreme Court in Robinson IV, Robinson's new evidence was discoverable during the post-

conviction relief stage, and Robinson cannot meet the factors set forth in Rhines v. Weber, 544 U.S. 269 (2005) used by courts to determine whether a stay should be granted.

## II. LAW AND ANALYSIS

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides that federal habeas relief may not be granted unless a petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1)(A). A habeas petition that contains both exhausted and unexhausted claims, a "mixed" petition, may be stayed and held in abeyance to allow the petitioner the opportunity to pursue unexhausted claims in state court. Rhines v. Weber, 544 U.S. 269, 271 (2005). However, such a stay should be granted only when the petitioner establishes good cause for the failure to exhaust, shows that the unexhausted claims are not meritless, and can establish he has not engaged in abusive litigation tactics or intentional delay. Id. at 277-278.

### A. Unexhausted Claims

First, we hesitate to agree that Robinson exhausted all of his claims. Although he may have raised claims under Brady and Nepue before, his current claim is based on the affidavit of John Petze which states that Goodspeed admitted to Petze that he perjured himself when he testified against Robinson. (Doc. 15). Petze acknowledges that Robinson's investigator contacted him at least a decade ago, but he was unable to disclose the contents of his conversation with Goodspeed because it was an attorney/client communication. We disagree that these are necessarily the "same Goodspeed Brady and Napue claims." (Doc. 34, p. 10). The record before the court may well constitute newly discovered evidence which requires exhaustion.

### B. Rhines Factors

Turning now to the factors set forth in Rhines, we first examine whether Robinson has good cause for his failure to exhaust this claim earlier. "Good cause is 'an equitable' inquiry, not

a 'technical' one ... and it turns on diligence." (Doc. 34, p. 19), citing Ruiz v. Quarterman, 504 F.3d 523, 529 As noted above, there is claim about newly discovered evidence. Although the State contends the information was discoverable a decade or more ago, the Petze affidavit establishes that Petze was unwilling to violate a supposed attorney/client privilege while Goodspeed was still alive. Accordingly, we find there good cause for Robinson's failure to raise the claim earlier, although we indeed have evidentiary doubts as to the actual consideration of the double hearsay in that statement.

Further, as to whether the claim is meritorious, the State argues Robinson's claims are "plainly meritless" because his conviction was not based on Goodspeed's testimony, the affidavit doesn't establish Brady or Napue violations, and his claims are procedurally barred. Whether the conviction is or isn't based upon Goodspeed's testimony isn't wholly relevant as the remedy for the State's failure to comply with constitutional law might be a new trial. We also question whether the Louisiana courts have yet to actually address the merits of Robinson's latest claims. Not only is the evidence new, but if reliable, its existence could call prior state court rulings into question. As Judge Foote eloquently stated in Irish v. Cain, No. 5:15-cv-00480, 2023 WL 2564397 (WDLA Mar. 16, 2023):

> Though the Court has concerns about the procedural issues [Robinson] may face, state courts are in a better position to determine if those prohibitions apply to [his] petition. The Fifth Circuit has explained that unless it is "entirely clear" that state procedural bars "would prohibit consideration" of a petitioner's claim, the state courts "should make that determination." Wilder v. Cockrell, 274 F.3d 255, 262-[6]3 (5th Cir. 2001). Considering the gravity of this capital case and the legal issues its presents, this Court cannot conclude that it is "entirely clear" that Robinson's claims will be procedurally barred. Therefore, in the interest of "federal-state comity," this Court will allow Louisiana courts to weigh in on the partiers' procedural dispute. Id. at 260, see also Rose v. Lundy, 466 U.S. 509. 515-19 (1982) (explaining that "[t]he exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings").

Irish, at *4 (substituting names).

Finally, for the same reasons articulated above, we do not find that Robinson was intentionally dilatory. Again, simply because the information existed may not mean it was discoverable. Accordingly, we find that Robinson's habeas petition should be stayed and held in abeyance to allow him the opportunity to pursue his unexhausted claims.

### C. APPOINTMENT OF FEDERAL COUNSEL TO EXHAUST CLAIMS IN STATE COURT

Robinson's counsel requests that the Court authorize them to pursue his unexhausted claims in state court. In support, they cite 18 U.S.C. § 3599 and Harrison v. Bell, 556 U.S. 180 (2000). The State opposes the request noting to the extent there are unexhausted claims, they are meritless, so the representation is not "'reasonably necessary' to the federal representation." (Doc. 34, p. 22), citing Guide to Judiciary Policy, Vol 7A, ch. 2, §210.20.30(c). We agree with Robinson that exhaustion of his claims in state court is ancillary to this habeas proceeding, and because we do not find his claims meritless, we will authorize counsel to continue representing Robinson in those proceedings.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the instant motion (Doc. 29) is **GRANTED** and this federal habeas case is **STAYED AND HELD IN ABEYANCE** while Robinson pursues available state court remedies for his unexhausted federal constitutional claims. It is further

**ORDERED** that Robinson timely file an application for post-conviction relief in state court in the next 60 days and notify this Court within 30 days of the state court's final disposition.

The Clerk of Court shall administratively close this action until such time as the Court grants a motion to reopen the case. It is further

**ORDERED** that Robinson's counsel is authorized to represent him in the aforementioned state court proceeding.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 13th day of November 2026.

**DEE D. DRELL, SENIOR JUDGE**
**UNITED STATES DISTRICT COURT**